## MARTIN BARRIO
### v.
## NIAGARA FIRE INSURANCE COMPANY

San Juan, Law, No. 1554.

Opinion filed March 5, 1923.

*E. B. Wilcox, Esq.,* attorney for plaintiff.

*R. V. Perez Marchand, Esq.,* attorney for defendant.

ODLIN, Judge, delivered the following opinion:

This motion for a new trial presents a most unusual series of occurrences. After the taking of testimony had begun, and before the plaintiff had rested, Mr. R. V. Perez Marchand, on behalf of the defendant, stated to the court that he desired to present a motion and to argue the same in the absence of the jury. Thereupon, the counsel and the judge retired to the chambers of the judge and Mr. Perez Marchand asked that the jury be dismissed and a mistrial ordered. His request was based upon his claim that one of the jurors, Mr. Abe Goldsmith, remained silent and made no objections to the remarks or questions of Mr. Perez Marchand as to whether any member of the jury was in any way connected with insurance cases now pending before this court, or whether any member of the jury was related to or an employee of any person claiming insurance by suits pending before this court. Mr. Perez Marchand went on also to make the claim that he had learned since the trial began that the said Abe Goldsmith was then under indictment in one of the Insular courts for the crime of arson, and he presented a certificate to that effect, signed by the clerk of the Insular district court of San Juan, first division, which indictment had special reference to the claims and documents filed in this court by Mr. Ike Goldsmith, a brother of Abe Goldsmith, against various fire insurance companies. The court thereupon replied to Mr. Perez Marchand that the court believed that the juror, Abe Goldsmith, had not misled Mr. Perez Marchand, and the motion of the latter was denied and the case was ordered to proceed.

The facts are that when Mr. Perez Marchand was question-

ing the various jurors, Mr. Abe Goldsmith did *not* remain silent. He arose in his place and he stated that his brother had some suits pending in this court against various insurance companies, but he was not able to give the names of the companies. Thereupon, I directed the clerk to bring to me all the papers in all the suits pending in this court in which Mr. Ike Goldsmith was the plaintiff. The names of the various defendant insurance companies in these suits, four in number, were read by me to Mr. Perez Marchand, and the Niagara Fire Insurance Company was not one of the four. Mr. Abe Goldsmith was then asked specifically by me if he would in any way be influenced as a juror in this suit between Martin Barrio and the Niagara Fire Insurance Company by the fact that his brother, Ike Goldsmith, was suing *other* insurance companies, and Mr. Abe Goldsmith replied that he would not be influenced in the least by that fact. Thereupon he was accepted as a juror, and the trial proceeded.

Mr. Perez Marchand, during his argument upon this motion, during this trial, which argument was made in the absence of the jury, made an admission or a statement which was a very great surprise to me. This statement was made in connection with this indictment against Mr. Abe Goldsmith, pending in the Insular district court. Mr. Perez Marchand admitted that it had become pretty nearly the universal custom in Porto Rico whenever a fire occurred and the premises were insured, to arrest the owner of the building and all parties connected in any way with him. I asked Mr. Perez Marchand, a very prominent member of the bar of the city of Ponce, if he was in earnest about this matter, and if he meant to tell the court that in case he should be so unfortunate as to have his own

dwelling catch fire while he was here in San Juan attending court, he would find himself under arrest upon his return to Ponce, whereupon he replied that such undoubtedly would be the fact. It is apparent to me, however, that these indictments are never taken very seriously, because the number of fires in Porto Rico during the twenty months since I came here as judge have been extremely numerous, whereas the convictions for arson in the Insular district courts of Porto Rico, according to the report of the attorney general of Porto Rico, were twenty-eight in the year 1919, ten in the year 1920, and nine in the year 1921. This report does not show how many, if any, of these convictions for arson followed fires of property which was insured. It is quite probable that a certain number of these cases were fires of cane fields or fires of buildings for revenge, which buildings were not insured.

Disregarding these details for the time being, I am still clearly of the opinion that Mr. Abe Goldsmith was entitled to serve upon the jury and that Mr. Perez Marchand was not misled by him, and that my ruling was correct when I ordered the trial to proceed. But it seems that this certificate, which had been issued by the clerk of the Insular district court of San Juan, used by Mr. Perez Marchand in his argument before me, in the absence of the jury, was, by mistake, placed with the papers in the case and went to the jury room. It was there seen by Mr. Abe Goldsmith during the early part of the deliberations of the jury. This fact was brought out, not by Mr. Perez Marchand, but by Mr. E. B. Wilcox, the counsel for the plaintiff, who himself produced not only the affidavit of Abe Goldsmith, but the affidavit of various other members of this jury, in connection with his own argument against this motion

for a new trial. By this affidavit, signed by Mr. Abe Goldsmith, it appears that this gentleman, observing a very natural feeling that he should be scrupulously careful in the performance of his duty as a juror, and that he should not in any way be influenced by the fact that a paper disclosing the finding of an indictment against himself might prejudice him, either for or against the plaintiff, announced to his fellow jurors that he thought it would be best for him to take no active part in their deliberations and that he, therefore, would acquiesce in any verdict that the other members of the jury should decide upon. It is, therefore, clear that the verdict in this case was a verdict by eleven jurors and not twelve. There is, therefore, nothing left for this court to do except to grant a new trial.

The verdict is set aside, a new trial is ordered to be held at the coming term of this court which is due to begin, under the law, on May 7, 1923.